**James Andrew FAIROW, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 508–96

Court of Criminal Appeals of Texas, En Banc.

April 30, 1997.

Dennis Yates, Allen C. Isbell, Houston, for appellant.

William J. Delmore, III, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

Before the court en banc.

## OPINION ON APPELLANT'S PETITION FOR *DISCRETIONARY REVIEW*

KELLER, Judge.

■ A jury convicted appellant of capital murder (murder in the course of a robbery) and the trial court sentenced him to life imprisonment pursuant to Article 37.071 of the Texas Code of Criminal Procedure. The Court of Appeals affirmed the conviction. *Fairow v. State*, 920 S.W.2d 357 (Tex.App.—Houston [1st Dist.] 1996). We granted appellant's petition to review the Court of Appeals' holding that Rule 701 of the Texas Rules of Criminal Evidence [1] does not allow a lay witness to express his opinion as to the culpable mental state with which an act was committed. We will affirm.

### I.

Appellant and three co-conspirators—Deryk Middleton, Gary Mosby and Andre Mos-

---

**1.** Subsequent references to Rules refer to the Texas Rules of Criminal Evidence unless other-
wise indicated.

ley—entered a neighborhood bar and robbed its patrons at gunpoint. Appellant attempted to take money from the cash register but the bar's owner, Joseph Young, physically prevented him from doing so. Appellant and Young began fighting. During the course of the fight, appellant twice tried to shoot Young but the gun malfunctioned. As an alternative method of subduing Young, appellant used his firearm to strike Young in the head. Mosby shot Young as he fell from the second of appellant's blows. The jury was instructed on the law of parties and it convicted appellant of capital murder.

At trial, co-defendant Middleton testified for the State as an accomplice witness. On cross-examination of Middleton, appellant attempted to introduce into evidence an exculpatory statement that Mosby uttered shortly after the shooting. Middleton was going to testify that Mosby said "something" like "I didn't try to kill him." The State requested a hearing on its previously filed motion in limine seeking to prevent appellant from eliciting the statement in front of the jury unless he could first establish it as an exception to the hearsay rule.

■ In an attempt to lay a predicate for the proposition that the statement was admissible, defense counsel repeatedly asked Middleton whether he thought that Mosby intentionally shot Young:

> Q: From the actions that you saw Gary Mosby take— jumping over the bar, pointing the gun at Mr. Joe Young— did you formulate in your mind an opinion as to whether or not Mr. Mosby shot Joe Young on purpose?
>
> THE STATE: Objection.
>
> THE COURT: Sustained.
>
> Q: Did you see Gary Mosby shoot Joe Young?
>
> A: Yes.
>
> Q: Did he accidentally (shoot) Joe Young?
>
> THE STATE: Object to that; calling for an opinion from this witness.
>
> THE COURT: Sustained.[2]

On appeal and in his petition for discretionary review to this Court, appellant asserts that the trial judge improperly excluded evidence of Middleton's opinion regarding whether Mosby intentionally caused the death of Joseph Young.[3] Appellant contends that Middleton's opinion was admissible under Rule 701,[4] which allows witnesses to give opinion or inference testimony provided that the opinion is rationally based on the perception of the witness and helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. In affirming appellant's conviction, the Court of Appeals rejected his contention and held that a "speculative opinion, such as what someone else is thinking at a specific time, does not help the jury." *Fairow*, at 361.[5] Today, we are called upon to determine whether a lay

---

2. Because the trial court prevented Middleton from answering, the State argues that the substance of his testimony is not preserved for review. The State further argues that appellant failed to preserve error by not attempting to place Middleton's opinion testimony in front of the jury. While it is true that appellant made no offer of proof indicating Middleton's answers to the questions, the substance of the evidence is apparent from the context within which the questions were asked. *See* Tex.R.Crim. Evid. 103(a)(2).

3. Whether Mosby acted intentionally is vital to Appellant's conviction. The trial court instructed the jury on the law of parties and asked it to choose between finding appellant not guilty, guilty of capital murder, guilty of felony murder, or guilty of aggravated robbery. Had the jury concluded that Mosby did not act intentionally, they could not have convicted him of capital murder, as that crime requires that the death be caused "intentionally." *See* Tex. Penal Code Ann. § 19.03(a)(2).

4. Rule 701 provides:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

5. Prior to its analysis under Rule 701, the Court of Appeals stated that it agreed with the principles of *Klein v. State*, 662 S.W.2d 166 (Tex.App.— Corpus Christi 1983, no pet.) and of *Taylor v.*

opinion regarding culpable mental state is admissible under Rule 701, and, if so, whether the Court of Appeals in this case erred by agreeing with the trial court's decision to exclude such an opinion.

## II.

When conducting a Rule 701 evaluation,[6] the trial court must decide (1) whether the opinion is rationally based on perceptions of the witness and (2) whether it is helpful to a clear understanding of the witness's testimony or to determination of a fact in issue. *See* Rule 701. The initial requirement that an opinion be rationally based on the perceptions of the witness is itself composed of two parts. First, the witness must establish personal knowledge of the events from which his opinion is drawn and, second, the opinion drawn must be rationally based on that knowledge. *See* Wendorf, Schlueter & Barton, *Texas Rules of Evidence Manual*, § VII, p. 5, (4th ed.1995).

### A.

■ The perception requirement of Rule 701 is consistent with the personal knowledge requirement of Rule 602.[7] It requires the proponent of lay-opinion testimony to establish that the witness has personal knowledge of the events upon which his opinion is based. Personal knowledge will often come directly from the witness's senses. *See e.g. Smith v. State*, 683 S.W.2d 393, 404 (Tex.Crim.App.1984)(police officer may give non-expert opinion regarding physical facts he has *observed* ); *Doyle v. State*, 875 S.W.2d 21 (Tex.App.—Tyler 1994, no pet.) (prison guard allowed to give opinion testimony under Rule 701 based on *"what he saw "*); *State v. Welton*, 774 S.W.2d 341, 343 (Tex.App.—Austin, pet.ref'd)(police officer permitted to give non-expert opinion regarding intoxication based in part on *smelling* the odor of alcohol); *Lape v. State*, 893 S.W.2d 949 (Tex. App. Houston [14th] 1994)(abuse of discretion occurred when lay-witness not permitted to give an opinion on how *sound* traveled in her home)(all emphases added). It may, however, come from experience. *See e.g. Austin v. State*, 794 S.W.2d 408, 410–11 (Tex. App.—Austin 1990, pet. ref'd)( police officer permitted to testify that, based on his personal experience, it was his opinion that "Swedish deep muscle rub" was a code for prostitution); *Williams v. State*, 826 S.W.2d 783, 785 (Tex.App.—Houston [14th] 1992, pet. ref'd)(using past experience, a police officer was permitted to testify, as either a lay-witness or an expert, that he interpreted the defendant's actions to be a drug transaction); *Reece v. State*, 878 S.W.2d 320, 325 (Tex. App.—Houston [1st] 1994, no pet.)(based on training and experience, a police officer may testify under Rule 701 that a defendant's actions are consistent with someone selling cocaine). If the proponent of the opinion cannot establish personal knowledge, the trial court should exclude the testimony. *See e.g. Bigby v. State*, 892 S.W.2d 864, 889 (Tex.Crim.App.1994)(holding that a lay witness may not testify as to his opinion on appellant's sanity when that opinion was based on the observation of others); *McMillan v. State*, 754 S.W.2d 422, 425 (Tex.App.—Eastland 1988, pet. ref'd)(holding that a lay-witness opinion based on hearsay was inadmissible).

*State*, 774 S.W.2d 31 (Tex.App.—Houston [14th Dist] 1989, pet. ref'd). In *Klein*, the court held that the witness could not testify to the defendant's culpable mental state (i.e. intent) because it was an ultimate issue for the jury. The court in *Taylor* cited *Klein* for the same proposition. *Taylor* at 34. It should be noted, however, that it is no longer permissible to exclude opinion testimony on that basis. Rule 704 states that an opinion otherwise admissible "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

6. Though the State failed to invoke Rule 701 by name when objecting to Middleton's testimony, the trial judge sustained the State's objection at least once on the basis that defense counsel's question called "for an opinion from" the witness. Therefore, proper disposition of this case includes analysis under Rule 701.

7. Rule 602 provides that a witness may not testify to a matter unless "evidence is introduced sufficient to support a finding that he has personal knowledge of the matter."

■ Applying the personal knowledge requirement to culpable mental state presents a unique problem. It is impossible for a witness to possess personal knowledge of what someone else is thinking.[8] The individual is the only one who knows for certain the mental state with which he is acting. *See e.g. Arnold v. State,* 853 S.W.2d 543, 547 (Tex. Crim.App.1993).[9] Therefore, if the trial court determines that a proffered lay-witness opinion is an attempt to communicate the actual subjective mental state of the actor, the court should exclude the opinion because it could *never* be based on personal knowledge. Likewise, if the witness's lack of personal knowledge yields testimony that amounts to "choosing up sides" or an opinion of guilt or innocence, his opinion should be excluded. *See Boyde v. State,* 513 S.W.2d 588 (Tex.Crim.App.1974); *Spaulding v. State,* 505 S.W.2d 919 (Tex.Crim.App.1974); *Huffman v. State,* 691 S.W.2d 726, 730 (Tex. App.—Austin 1985, no pet.). All Rule 701 opinions regarding culpable mental state, however, need not be automatically excluded for want of personal knowledge.

■ An opinion will satisfy the personal knowledge requirement if it is an interpretation of the witness's objective perception of events (i.e. his own senses or experience). *Doyle v. State,* 875 S.W.2d 21 (Tex.App.—Tyler 1994, no pet.), illuminates the distinction between personal knowledge of another's mental state and personal knowledge of perceived events. In *Doyle,* two prison guards personally observed a prisoner strike another guard. They testified, over objection, that the blows were intentional. *Id.* at 22. The Court of Appeals held that a prison guard, trying to explain what he saw, could, under Rule 701, give an opinion regarding whether the blow was "intentional or accidental." *Doyle* at 23. We agree. The prison guards in *Doyle* did not have personal knowledge of the mental state with which the defendant struck their colleague. They did, however, witness the attack and thus were qualified to give an opinion based on their perception of the event. So, while a witness cannot possess personal knowledge of another's mental state, he may possess personal knowledge of facts from which an opinion regarding mental state may be drawn. The jury is then free to give as much or as little weight to the opinion as it sees fit. Therefore, we conclude that once the proponent of the opinion establishes personal knowledge of the facts underlying the opinion, he has satisfied the perception requirement of Rule 701. This is so even if the opinion concerns culpable mental state. *See* Tex.R.Crim. Evid. 704.[10]

1.

■ Once the perception requirement is satisfied, the trial court must determine if

---

8. The concurring opinion claims that there should be a bright-line rule excluding all opinion testimony regarding culpable mental state because one can never have personal knowledge of another's mental state. The concurring opinion, however, fails to recognize that there is a difference between testifying to another's mental state and giving an *opinion,* based on perceived events, as to another's mental state.

9. In *Arnold,* the defendants were charged with *willfully* engaging in prohibited conduct by participating in a sit-in protest of certain University of Texas business practices. The trial court excluded opinion testimony from non-protestors regarding relevant campus conditions leading up to the sit-in. The testimony was offered to give the jury "greater insight" into whether the defendant's acted willfully. *Arnold* at 546. In agreeing with the court of appeals, we held that only the defendants could have testified as to their state of mind. *Id.* We cited Ray's Texas Law of Evidence, Section 1428: "... It is said that since one person cannot possibly know another's state of mind, his testimony is necessarily based on conjecture. This argument really invokes the rule requiring the witness to have personal knowledge of the matter about which he is to testify." Since we agree that one cannot possess personal knowledge of another's mental state, our opinion today is in accord with our holding in *Arnold.*

10. In his concurring opinion, Judge Baird states "[s]imply put, it is the jury's domain to interpret facts in the decision of the ultimate issues." He implies that witnesses should not be permitted to give testimony regarding culpable mental state because it is an ultimate issue in most criminal offenses. Rule 704, however, specifically provides that opinion testimony is not inadmissible because it concerns an ultimate issue in the case. Therefore, while the jury is the ultimate decision maker on fact questions, the facts upon which it bases its decision may concern an ultimate issue in the case.

the opinion is rationally based on that perception. An opinion is rationally based on perception if it is an opinion that a reasonable person could draw under the circumstances. *See* Goode, Wellborn and Sharlot, 2 *Texas Practice Guide to the Texas Rules of Evidence: Civil and Criminal*, § 701.2, p. 5. An opinion not capable of reasonably being formed from the events underlying the opinion must be excluded. *See e.g U.S. v. Cox*, 633 F.2d 871, 875–876 (9th Cir.1980)(holding a witness's opinion that the defendant was involved in a car bombing was not rationally related to her underlying perceptions: (1) that defendant had twice told her he knew of someone who would bomb cars for money and (2) that defendant showed her a newspaper clipping of a car bombing).[11]

### B.

The second requirement for admissibility under rule 701 is that the opinion be helpful to the trier of fact to either understand the witness's testimony or to determine a fact in issue. Tex.R.Crim. Evid. 701. While there is no bright line indicating when an opinion is helpful, general evidentiary considerations of relevance and balancing will invariably assist the trial judge in making his determination. For example, a trial court properly acting within its discretion may determine that the confusing, misleading or cumulative nature of an opinion renders it not helpful to the trier of fact and thus improper under Rule 701. *See* Rule 403. This consideration is especially prudent when the opinion concerns culpable mental state. Terms typically used to describe mental state—such as "intentional", "reckless", and "negligent"—may have legal definitions different from their common usage. The trial court must carefully consider such differences when deciding whether an opinion will help the jury or confuse and mislead the jury. *See, e.g. Lum v. State*, 903 S.W.2d 365, 370 (Tex.App.—Texarkana 1995, pet. ref'd)(holding that a witness's testimony regarding whether the defendant behaved negligently was properly excluded because

the witness was "not shown to be an expert on negligence or to know the legal definition or standard of negligence").

Another important factor in determining helpfulness will likely be the ability or inability of the witness to convey the events from which his opinion is drawn. For example, an opinion may not be helpful from a witness who is able to articulate his perceptions in great detail (thus increasing the likelihood that the jury could formulate its own opinion). *See Cooper v. State*, 23 Tex. 331, 342–343 (1859)(holding that no opinion is needed "for what any fool can plainly see"); *See also e.g. Roberts v. State*, 743 S.W.2d 708, 711 (Tex.App.—Houston [14th] 1987, pet. ref.)(holding that an officer's lay opinion about whether the police were harassing the defendant was unnecessary and inadmissible when the jury had the information before it and was able to draw its own inferences). If the events are difficult or impossible to describe, however, an opinion is likely to be helpful. Texas courts before and after promulgation of Rule 701 have approvingly referred to such opinion testimony as a "shorthand rendition" of the facts. *See Jackson v. State*, 822 S.W.2d 18, 29 (Tex.Crim.App.1990)(allowing a police officer to testify that a defendant gave his confession voluntarily because it "was no more than a short rendition of the facts."); *See also May v. State*, 618 S.W.2d 333, 341 (Tex.Crim. App.1981)(a pre-Rules case allowing a police officer to give an opinion concerning an accused's mental attitude because it was "merely a shorthand rendition of the facts"); ·*Wilson v. State*, 854 S.W.2d 270, 276 (Tex.App.—Amarillo 1993, pet. ref.) (allowing officer's testimony regarding what a conversation "boiled down to" as a shorthand rendition of what the conversation was about).

These considerations are not exclusive. Countless other factors may contribute to the trial court's decision regarding helpfulness and, ultimately, the helpfulness of an opinion will be determined by the facts of the case. *See* Goode at p. 9–10.

---

**11.** Texas Rule of Criminal Evidence 701 was adopted verbatim from Federal Rule of Evidence 701, thus cases interpreting the federal version are helpful in an evaluation of our own Rule.

### III.

Whether an opinion meets the fundamental requirements of Rule 701 is within the sound discretion of the trial court and its decision regarding admissibility should be overturned only if it abuses its discretion. *Joiner v. State,* 825 S.W.2d 701, 708 (Tex. Crim.App.1992), cert. denied, 509 U.S. 925, 113 S.Ct. 3044, 125 L.Ed.2d 729 (1993); *See Montgomery v. State,* 810 S.W.2d 372, 379(Tex.Crim.App.1990).[12] Further, if there is evidence in the record supporting the trial court's decision to admit or exclude an opinion under Rule 701, there is no abuse and the appellate court must defer to that decision. *See Carroll v. State,* 916 S.W.2d 494, 503 (Tex.Crim.App.1996); *Meek v. State,* 790 S.W.2d 618, 620 (Tex.Crim.App.1990). With the foregoing in mind we turn to the facts of the case *sub judice* to determine whether the Court of Appeals erred in upholding the trial court's exclusion of lay-witness opinion testimony.

In the present case, Middleton testified that he witnessed the entire fight, that appellant repeatedly struck the victim and that, as Young fell from a blow to the head, "... (Mosby) took the .38 from (Mosley) and ... shot the man (Young) in the chest while he (Young) was falling on the ground." This testimony would support the trial court's exclusion of Middleton's opinion on several grounds. First, it supports the contention that the jury was in a position to form its own opinion, thus rendering Middleton's opinion not helpful. *See e.g. Steve v. State,* 614 S.W.2d 137, 139 (Tex.Crim.App.1981)(a pre-Rules case holding that because (1) the jury was in possession of the same facts upon which a proffered opinion was based, (2) the jury could fully understand the matter and (3) the jury could draw the proper inferences and conclusions, the witness's opinion testimony was unnecessary and inadmissible).

Alternatively, the trial court would have been acting within its discretion in determining that what Middleton testified to seeing was not consistent with an unintentional act and thus not rationally based. *See e.g. U.S. v. Cox,* 633 F.2d at 876.

Additionally, our review of the record reveals that Middleton was never given the legal definition of "intentional." This fact would support the trial court's exclusion of Middleton's opinion on the basis that the opinion was confusing or misleading and thus not helpful within the meaning of Rule 701.

Finally, because the hearing's purpose was to determine admissibility of Mosby's statement that he "didn't try to kill" Young, there is at least some support for exclusion on the basis that the opinion was based not on perceived events but on what turned out to be inadmissible hearsay. *See e.g., McMillan v. State,* 754 S.W.2d at 425 (holding that the owner of a stolen diamond could not testify that her diamond weighed one carat because her testimony was based solely on hearsay and not upon her own personal observation); *See also e.g. Nichols v. Seale,* 493 S.W.2d 589, 594 (Tex.Civ.App.—Dallas 1973) *rev'd on other grounds, sub nom Seale v. Nichols,* 505 S.W.2d 251 (Tex.1974)("... an inference by a lay witness must be based on data he has personally observed, not on hearsay or speculation"). Because evidence in the record supports excluding Middleton's opinion under Rule 701, the trial court did not abuse its discretion in doing so. *Carroll v. State,* 916 S.W.2d at 503; *Meek v. State,* 790 S.W.2d at 620. Consequently, the Court of Appeals did not err in upholding the trial court's exclusion of the testimony. The judgment of the Court of Appeals is AFFIRMED.

BAIRD, Judge, concurring.

I agree the testimony proffered by appellant was properly excluded. However, for

---

12. The concurring opinion ignores the solidly implanted, fundamental tenet of Texas jurisprudence that the trial court has discretion regarding the admission or exclusion of evidence. The concurring opinion makes the global assertion that lay-witness opinion testimony regarding culpable mental state is never helpful. Whether it is helpful is a decision within the trial court's discretion. While not every opinion regarding culpable mental state will be helpful, ultimately, some will. The trial court should be given wide latitude to make that decision using the guidelines set forth in this opinion.

the following reasons, I cannot join the majority opinion which holds Tex.R.Crim. Evid. 701 permits lay witness opinion testimony concerning a third person's culpable mental state.

### I.

Gary Mosby, Deryk Middleton, Andre Mosley and appellant entered a nightclub to rob its patrons. Appellant vaulted the bar and was physically confronted by the victim. During this confrontation, appellant attempted to shoot the victim but the gun would not fire. Mosby provided appellant with a second gun which appellant used to strike the victim. Mosby obtained a third gun and fatally shot the victim.

The State called Middleton as a witness. Out of the jury's presence, appellant sought to question Middleton concerning Mosby's intent.[1] The trial judge excluded the testimony. Appellant was convicted of capital murder and sentenced to confinement for life.

The Court of Appeals affirmed, holding:

... Middleton could not properly testify whether Mosby, at the time [of the shooting], had the culpable mental state necessary to convict appellant of capital murder, which requires an *intentional* killing, rather than felony murder, which does not.

*Fairow v. State*, 920 S.W.2d 357, 360 (Tex. App.—Houston [1st Dist.] 1996).[2]

We granted review to determine whether Tex.R.Crim. Evid. 701 permits lay witness opinion testimony concerning a third person's culpable mental state.

### II.

To ensure only reliable evidence goes before the fact finder, witnesses must be competent. Tex.R.Crim. Evid. 601. Competency requires personal knowledge. Tex. R.Crim. Evid. 602 provides:

**Lack of Personal Knowledge** A witness *may not testify to a matter unless* evidence is introduced sufficient to support a finding that *he has personal knowledge of the matter.* Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.[3]

To fulfill the personal knowledge requirement the witness must "have actually observed the fact" about which he will testify. Fed.R.Evid. 602 advisory committee's notes. Personal knowledge is required because testimony without personal knowledge is pure speculation and conjecture. Obviously, such testimony lacks probative value and should be excluded.

### III.

The personal knowledge requirement of Rule 602 applies to opinion testimony of lay

---

1. Each of the following questions were objected to by the State and sustained by the trial judge:
   "Isn't it true, Mr. Middleton, that Gary Mosby did not intentionally and knowingly shoot Mr. Young?"
   "Mr. Middleton, did it look like to you that Gary Mosby was intending to kill Joe Young?"
   "Did Mr. Mosby intend to shoot Mr. Joe Young?"
   "Did it appear to you from the actions of Gary Mosby did he intend to kill Joe Young?"
   "Mr. Middleton, from the actions that you saw Mr. Mosby make behind the bar, and he had a gun, did it appear that he intentionally shot Joe Young?"
   "From the Actions that you saw Gary Mosby take—jumping over the bar, pointing the gun at Mr. Joe Young—did you formulate in your

mind an opinion as to whether or not Mr. Mosby shot Joe Young on purpose?"
"Did you see Gary Mosby shoot Joe Young? Yes. Did he accidently (sic) Joe Young?"

2. All emphasis added unless otherwise indicated.

3. The Fed.R.Evid. 602 and Tex.R.Crim. Evid. 602 are virtually identical (the federal rule was changed only to make the rule gender neutral). Generally, the Texas Rules of Criminal Evidence were patterned after the Federal Rules of Evidence. Therefore, we may rely on the Federal Rules Advisory Committee Notes to interpret our rules. *See, Campbell v. State*, 718 S.W.2d 712 (Tex.Cr.App.1986); *and, Bodin v. State*, 807 S.W.2d 313, 317 (Tex.Cr.App.1991).

witnesses. *Bigby v. State*, 892 S.W.2d 864, 889 (Tex.Cr.App.1994). Rule 701 provides:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the *perception of the witness* and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.[4]

As we held in *Bigby*, the "perception of the witness" portion of the rule incorporates the personal knowledge requirement of Rule 602. *Bigby*, 892 S.W.2d at 889. *See also*, H. Wendorf and D. Schlueter, Texas Rules of Evidence Manual, at VI–3 (4th ed.1995). Therefore, lay witness opinion testimony is limited to first-hand knowledge or observation. Fed.R.Evid. 701 advisory committee's notes; *see also*, *Ethicon, Inc. v. Martinez*, 835 S.W.2d 826, 831 (Tex.App.—Austin 1992); *and*, Goode, Wellborn and Sharlot, 2 Texas Practice § 701.2, at 4 (1993).

In *Arnold v. State*, 853 S.W.2d 543, 547 (Tex.Cr.App.1993), the defendants attempted to admit testimony from lay witnesses as to whether the defendants acted "willfully." The trial judge refused to admit the testimony and we affirmed. Quoting Ray's Texas Law of Evidence, § 1428, we stated:

> In general our courts permit a witness to testify as to his own intention or other state of mind where the same is material * * * On the other hand decisions purporting to apply the opinion rule, uniformly exclude the testimony of a witness as to another person's state of mind. It is said that *since one person cannot possibly know another's state of mind, his testimo-* ny *is necessarily based on conjecture. This argument really invokes the rule requiring the witness to have personal knowledge of the matter about which he is to testify.*

See also, *Winegarner v. State*, 505 S.W.2d 303, 305 (Tex.Cr.App.1974); and, *Lehman v. Corpus Christi Nat. Bank*, 668 S.W.2d 687, 689 (Tex.1984).

Therefore, consistent with our holdings in *Bigby* and *Arnold*, the Court of Appeals correctly held the trial judge in the instant case did not err in excluding the testimony of Middleton concerning the culpable mental state of Mosby.[5]

In addition to the lack of personal knowledge, lay witness opinion testimony concerning a third person's culpable mental state is inadmissible because it does not satisfy Rule 701's requirement that the testimony be helpful to a clear understanding of the witness' testimony or in determining a fact in issue. In *Holloway v. State*, 613 S.W.2d 497, 500 (Tex.Cr.App.1981), we held:

> ... Clearly, there is nothing to be gained by permitting a witness to proffer an opinion on a subject when any other person in the courtroom, any member of the jury, could form an opinion on the issue equally readily and with the same degree of logic as the witness.

*Id.*, 613 S.W.2d at 500–501. A jury is as capable of determining the culpable mental state of the third person as the testifying witness. There is no need for an opinion for what "any fool can plainly see." *Cooper v. State*, 23 Tex. 331, 342–343 (1859); *see also*, *Salem v. United States Lines Co.*, 370 U.S. 31, 36–37, 82 S.Ct. 1119, 1123, 8 L.Ed.2d 313 (1962).

---

4. By specifically excluding Rule 703, Rule 602 specifically includes Rule 701. Established rules of construction require that, where an express exception exists in a statute, the statute must apply in all cases not excepted. *Roberts v. State*, 940 S.W.2d 655, 659 (Tex.Cr.App.1996). *See also*, *Garcia v. State*, 829 S.W.2d 796, 800 (Tex.Cr.App.1992); *Ex parte McIver*, 586 S.W.2d 851, 856 (Tex.Cr.App. [Panel Op.] 1979); *and*, *State v. Richards*, 157 Tex. 166, 168, 301 S.W.2d 597, 600 (1957).

Fed.R. Evid. 701 and Tex.R.Crim. Evid. 701 are virtually identical.

5. If the majority's analysis of this issue is correct, the trial judge erred in excluding Middleton's testimony because his proffered testimony meets all the criteria set out in the majority opinion. In other words, Middleton clearly "possess[ed] personal knowledge of facts from which an opinion regarding mental state may be drawn." *Ante*, at 899.

Simply put, it is the jury's domain to interpret facts in the decision of the ultimate issues. Tex.Code.Crim. Proc. Ann. art. 38.04. It is fundamental to the notion of "presumption of innocence" that the jury, not the witnesses, determine the ultimate issues because the jury is in a better position, removed from the emotional circumstances, to determine what happened in the individual cases. Tex.Code.Crim. Proc. Ann. art. 38.03. Thus, lay witness opinions as to culpable mental state are not helpful, but superfluous and should be excluded.

## IV.

For the foregoing reasons, I would reaffirm *Bigby, supra,* and *Arnold, supra,* and adopt a bright line rule that lay witness opinion testimony concerning a third person's culpable mental state is not admissible. Because the majority does not, I join only the judgment of the court.

OVERSTREET, J., joins this opinion.

MEYERS, Judge, concurring.

The resolution of the issue presented in this case turns largely upon the interpretation of the "personal knowledge" requirement. Under the common law rule, as reiterated by this Court in *Arnold v. State,* 853 S.W.2d 543, 547 (Tex.Crim.App.1993), the testimony of a witness as to another's mental state was inadmissible on the ground that one can never possess personal knowledge of another's mental state. The majority departs from this rule, concluding that the personal knowledge requirement simply goes to the facts upon which the lay witness opinion is based—not to the subject of the opinion itself. The majority holds that while a lay witness cannot testify that he knows "the actual subjective mental state" of another person, he can state his opinion of the mental state of another person, based upon his "personal knowledge of the facts underlying the opinion." This holding is consistent with a plain language reading of the rules, the way we interpreted those rules in *Bigby v. State,*

892 S.W.2d 864 (Tex.Crim.App.1994), and with a common sense understanding of the term "opinion." *Arnold* should be disavowed.

Rule of Criminal Evidence 701, Opinion Testimony by Lay Witness, provides:

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or determination of a fact in issue.

In *Bigby,* we interpreted Rule 701 as incorporating the personal knowledge requirement of Criminal Rule of Evidence 602:

By requiring the [lay witness opinion] testimony to be based on the "perception of the witness," the rule *presumes the underlying facts were observed or experienced by the witness.* This portion of the rule incorporates the personal knowledge requirement of Criminal Rule 602.

892 S.W.2d at 889 (emphasis added). Rule 701 permits an opinion *based on the perception* of the witness. *Bigby* further explained that this component went to the personal knowledge of the witness such that the facts "underlying" the opinion were personally observed or experienced by the witness. So, as the majority correctly concludes, personal knowledge just means that the witness must have personally observed or experienced the facts giving rise to his opinion about the mental state of another, not that he has to have personal knowledge of the other's mental state.

*Arnold* reasons that an opinion about another's mental state should not be permitted because it is based on conjecture and can never be known for certain. This reasoning is at odds with what an "opinion" is. An opinion is one's *view* of something that cannot be known for certain, based on facts that can be known. Webster defines "opinion" as "a view, judgment, or appraisal formed in the mind about a particular matter." Webster's

New Collegiate Dictionary at 798 (1980 ed.) Black's Law Dictionary explains "opinion evidence or testimony" in part as follows:

> Evidence of what the witness thinks, believes, or infers in regard to facts in dispute, as distinguished from his personal knowledge of the facts themselves.

An opinion is simply the beliefs of the witness or inferences he has drawn; for this reason, it is important to ensure that the opinion is *based upon* identifiable facts within the personal knowledge of the witness.[1]

The majority says its holding is "in accord" with *Arnold* because "we agree that one cannot possess personal knowledge of another's mental state." *Majority op.* at 899 n. 10. But that does not approach the crux of the holding in *Arnold*. In *Arnold*, the defendants were convicted of disruptive activity on a university campus (participation in a "sit-in"). The State was required to prove the defendants "willfully" engaged in the prohibited conduct. The trial court ruled inadmissible testimony from several witnesses who were not present at the scene of the sit-in. This Court explained the nature of the excluded testimony:

> The excluded testimony *would have described various events* involving apartheid that had occurred on the University of Texas campus, and the relationship of these events to state, national, and international events that transpired before this sit-in. The testimony was also *offered to give the jury "greater insight" into each appellants' mental state* immediately prior to and at the time of the incident in question.

*Arnold*, 853 S.W.2d at 546 (emphasis added). The defendants complained on appeal the excluded evidence was relevant to whether they "willfully" committed the alleged offense. The Court of Appeals upheld the exclusion of the evidence, stating, "these witnesses could not have testified as to each appellant's state of mind—each appellant's testimony was necessary for that." We agreed with the Court of Appeals, quoting as follows from Ray's Texas Law of Evidence:

> "In general our courts permit a witness to testify as to his own intention or other state of mind where the same is material. * * * On the other hand decisions purporting to apply the opinion rule, uniformly exclude the testimony of a witness as to another person's state of mind. It is said that since one person cannot possibly know another's state of mind, his testimony is necessarily based on conjecture. This argument really invokes the rule requiring the witness to have personal knowledge of the matter about which he is to testify."

*Id.* at 547. From the Court's own recitation of the facts, the witnesses in *Arnold* were simply offering testimony about "events" that would bear on or give insight into each appellant's state of mind. Therefore, *Arnold* stands for the proposition that a lay witness cannot even testify to events that give insight to another person's mental state, or give opinion testimony that even *bears on* mental state. Today the Court holds that a lay witness can give his opinion as to another's mental state if the opinion is "an interpretation of the witness's objective perception of events." *Arnold* cannot be reconciled with the holding of the majority and ought to be disavowed. The majority's declaration that the two opinions are consistent does not make them so, and leads to confusion as to the state of the law.

With these comments, I concur in the judgment of the Court.

MANSFIELD, J., joins.

---

1. That the witness is testifying as to his opinion based upon his interpretation of personally observed events can be made clear by the questions propounded. As reflected in Judge Baird's concurring opinion, many of the questions asked in this case were prefaced in such a way as to indicate that the witness was testifying to his interpretation of what he saw, rather than his subjective personal knowledge of the actor's mental state: "did it look like to you that [the third person] was intending to kill", "did it appear to you from the actions of [the third person] did he intend to kill", "from the actions that you saw [the third person] make ... did it appear that he intentionally shot", "from the actions that you saw [the third person] take ... did you formulate in your mind an opinion ..."