seely v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-424-CR

CRYSTAL NADEAN SEELY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Crystal Nadean Seely appeals from her conviction for reckless serious bodily injury to a child.  In her sole issue, she contends the trial court erred in excluding evidence that a third party, who had been “handled” for injuring another child, was alone with the victim in this case and was viewed at one time as a possible suspect by law enforcement.  We affirm.

At trial, appellant’s attorney questioned Detective C.D. Hayes about his prior suspicions that the victim’s father, Lee Myers, may have committed the acts that appellant was accused of committing:

Q.  Okay.  Did you have a suspect in mind?

A.  Yes, I did.

Q.  Who was that?

A.  Her boyfriend.

Q.  What’s his name?

A.  Lee Myers.

. . . .

Q.  Why was he your suspect?

[THE STATE]:  Objection, Your Honor, pursuant to the Court’s earlier ruling.

[APPELLANT’S ATTORNEY]:  I think it’s fair.

THE COURT:  You know, it doesn’t matter whether it’s fair or not.  I made a ruling pretrial that I expect to be honored.

. . . .

THE COURT:  A pretrial motion in limine ruling means that you stand and ask the jury to leave before you ask the question.  Okay?

[APPELLANT’S ATTORNEY]: Yes, ma’am.

Outside the jury’s presence, appellant’s attorney then asked Detective Hayes the question again, and Hayes responded, “Well, I gathered information from a CPS investigator, Norma Wolf, that he’d been handled in by our agency through Crimes Against Children for an offense which was with a child, injury to a child.”  The State objected to the question and response on the grounds of hearsay, relevancy, more prejudicial than probative, and inadmissible under rule 404 as evidence showing character and conformity.  
Tex. R. Evid
. 402, 403, 404(b), 801(d), 802.  Appellant’s attorney did not respond to the State’s objection, and the trial court sustained it.

Appellant now complains that the evidence was relevant and admissible under rule 404(b) and that its exclusion violated her Sixth Amendment rights under the United States Constitution.  Appellant does not address whether the evidence was hearsay or whether it met a hearsay exception.  Because Hayes was testifying to statements or information he obtained from Wolf, the trial court’s ruling to exclude the evidence as hearsay was within the zone of reasonable disagreement.  
See
 
Tex. R. Evid. 
801(d); 
Torres v. State
, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).  We will not address the possibility that the evidence was admissible as an exception to hearsay because appellant did not raise that possibility either at trial or on appeal.  Thus, even if a hearsay exception applies, appellant has waived any potential error the trial court may have committed by excluding the evidence.  
See 
Tex. R. App. P. 
33.1(a);
 Fairow v. State
, 920 S.W.2d 357, 362 (Tex. App.—Houston [1
st
 Dist.] 1996) (stating failure to raise argument that evidence meets hearsay exception amounts to waiver for purposes of appeal),
 aff’d on other grounds
, 943 S.W.2d 895 (Tex. Crim. App. 1997). 

In light of our ruling, we need not address whether the evidence was admissible on the other grounds raised by appellant.  
See
 Tex. R. App. P. 
47.1; 
Osby v. State
, 939 S.W.2d 787, 792-93 (Tex. App.—Fort Worth 1997, pet. ref’d) (“It goes without saying that a trial court does not violate a defendant's constitutional rights by excluding inadmissible evidence.”).  We overrule appellant’s sole issue.

The judgment is affirmed. 

PER CURIAM

PANEL F: DAY, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: November 6, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.