COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-424-CR
 
CRYSTAL NADEAN SEELY                                                      APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION 
 


------------
        Appellant Crystal Nadean Seely appeals from her conviction for reckless 
serious bodily injury to a child. In her sole issue, she contends the trial court 
erred in excluding evidence that a third party, who had been “handled” for 
injuring another child, was alone with the victim in this case and was viewed 
at one time as a possible suspect by law enforcement. We affirm. 
        At trial, appellant’s attorney questioned Detective C.D. Hayes about his 
prior suspicions that the victim’s father, Lee Myers, may have committed the 
acts that appellant was accused of committing: 
Q. Okay. Did you have a suspect in mind?
 
A. Yes, I did. 
 
Q. Who was that? 
 
A. Her boyfriend. 
 
Q. What’s his name? 
 
A. Lee Myers. 
 
. . . . 
 
Q. Why was he your suspect? 
 
[THE STATE]: Objection, Your Honor, pursuant to the 
Court’s earlier ruling. 
 
[APPELLANT’S ATTORNEY]: I think it’s fair. 
 
THE COURT: You know, it doesn’t matter whether it’s fair 
or not. I made a ruling pretrial that I expect to be honored. 
 
. . . . 
 
THE COURT: A pretrial motion in limine ruling means that 
you stand and ask the jury to leave before you ask the question. 
Okay?

                [APPELLANT’S ATTORNEY]: Yes, ma’am. 
        Outside the jury’s presence, appellant’s attorney then asked Detective 
Hayes the question again, and Hayes responded, “Well, I gathered information 
from a CPS investigator, Norma Wolf, that he’d been handled in by our agency 
through Crimes Against Children for an offense which was with a child, injury 
to a child.” The State objected to the question and response on the grounds 
of hearsay, relevancy, more prejudicial than probative, and inadmissible under 
rule 404 as evidence showing character and conformity. Tex. R. Evid. 402, 
403, 404(b), 801(d), 802. Appellant’s attorney did not respond to the State’s 
objection, and the trial court sustained it. 
        Appellant now complains that the evidence was relevant and admissible 
under rule 404(b) and that its exclusion violated her Sixth Amendment rights 
under the United States Constitution. Appellant does not address whether the 
evidence was hearsay or whether it met a hearsay exception. Because Hayes 
was testifying to statements or information he obtained from Wolf, the trial 
court’s ruling to exclude the evidence as hearsay was within the zone of 
reasonable disagreement. See Tex. R. Evid. 801(d); Torres v. State, 71 S.W.3d 
758, 760 (Tex. Crim. App. 2002). We will not address the possibility that the 
evidence was admissible as an exception to hearsay because appellant did not 
raise that possibility either at trial or on appeal. Thus, even if a hearsay 
exception applies, appellant has waived any potential error the trial court may 
have committed by excluding the evidence. See Tex. R. App. P. 33.1(a); Fairow 
v. State, 920 S.W.2d 357, 362 (Tex. App.—Houston [1st Dist.] 1996) (stating 
failure to raise argument that evidence meets hearsay exception amounts to 
waiver for purposes of appeal), aff’d on other grounds, 943 S.W.2d 895 (Tex. 
Crim. App. 1997). 
        In light of our ruling, we need not address whether the evidence was 
admissible on the other grounds raised by appellant. See Tex. R. App. P. 47.1; 
Osby v. State, 939 S.W.2d 787, 792-93 (Tex. App.—Fort Worth 1997, pet. 
ref’d) (“It goes without saying that a trial court does not violate a defendant's 
constitutional rights by excluding inadmissible evidence.”). We overrule 
appellant’s sole issue. 
        The judgment is affirmed.  
                                                          PER CURIAM 
PANEL F:   DAY, HOLMAN, and GARDNER, JJ. 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: November 6, 2003