# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00650-CR
## NO. 03-09-00651-CR

**Steven Lee Royce, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NOS. 2C07-07791 & 2C08-06341, HONORABLE GERALD M. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

At a single trial of two informations, a jury found appellant Steven Lee Royce guilty of unlawfully carrying a handgun and a club. *See* Tex. Penal Code Ann. § 46.02 (West Supp. 2009). The court assessed a $100 fine in one cause and a jail term of three days in the other. Appellant's only contention is that the court erred by refusing to permit a witness to testify regarding his opinion as to appellant's intentions at the time and place in question. We overrule this contention and affirm the convictions.

Killeen police officer Robert Rush was on patrol at 2:00 a.m. on June 26, 2007, when he saw two men standing in an intersection. Rush stopped his patrol car and approached the men on foot. Rush recognized one of the men as appellant, with whom the officer had previously dealt. The other man identified himself as David Weaver.

Appellant was wearing a security guard uniform and carrying a holstered handgun and a collapsible baton. In response to Rush's questions, appellant told the officer that he was a commissioned security officer and showed him a state-issued commissioned security officer identification card. Appellant told Rush that he was working that night as a guard at a Subway restaurant when his friend Weaver came by, and that he had left the restaurant to give Weaver a ride home. Believing that appellant was not then in the lawful discharge of his duties or traveling to or from his place of assignment, Rush arrested appellant for unlawfully carrying the weapons. *See id*. § 46.15(b)(4) (West Supp. 2009).

Called as a State witness, Weaver testified that he was walking home from his place of employment when he saw appellant at the Subway. Weaver went in to say hello, and he and appellant conversed for about fifteen minutes. Appellant then offered Weaver a ride home, and Weaver accepted. Appellant first drove to his own house, where he and Weaver went in and drank a soda. Then, they drove to Weaver's house. Weaver testified that he and appellant had been standing outside his house talking for ten or fifteen minutes when the encounter with the police began.[1]

During Weaver's cross-examination by defense counsel, this exchange occurred:

> Q. And did Mr. Royce ever explain to you whether or not he was heading back to Subway?

---

[1] Appellant's own testimony was similar to Weaver's. He said that he was working with a trainee that night, and he needed to go home to get a job-related binder. He offered to give Weaver a ride home while he did this. He testified that he was in the process of leaving Weaver's residence and returning to work when he was stopped and arrested. Appellant conceded during cross-examination that his duties at the Subway did not include taking friends home.

A. He didn't tell me. I just assumed.

Q. Was it clear that he was or it seemed to you that he was.

A. It seemed to me that he —

[Prosecutor]: Calls for speculation, Your Honor.

THE COURT: Sustained.

Appellant contends that the court erred by sustaining the State's objection. He argues that the question properly called for a lay opinion under rule 701, and that the personal knowledge requirement of rule 602 would be satisfied if the opinion was rationally based on Weaver's objective perceptions. *See* Tex. R. Evid. 602, 701; *Fairow v. State*, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997).

Appellant did not take Weaver on voir dire to memorialize what his answer to the disallowed question would have been or to establish that Weaver was offering an opinion based on personal observation. *See* Tex. R. Evid. 103(b). In any event, Weaver testified without objection that appellant did not tell him that he was returning to work but that he "assumed" that he was. This was, in effect, Weaver's opinion as to appellant's intent, and it is reasonably likely that the jury understood that the opinion was based on Weaver having encountered appellant in uniform at the restaurant. Because the jury heard Weaver's opinion as to appellant's intention to return to work, no reversible error is presented.

The judgments of conviction are affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:  August 10, 2010

Do Not Publish

4