Affirmed and Memorandum Majority and Concurring Opinions filed August
25, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00672-CR

___________________

 

Jack Murenga Harris, Appellant

 

V.

 

THE State of Texas, Appellee



 



 

On
Appeal from the 252nd District Court

Jefferson County,
Texas



Trial Court Cause No. 08-04271

 



 

 

CONCURRING MEMORANDUM OPINION

            I concur in the majority’s decision to
affirm the conviction but disagree with the reasoning on the second and third issues.

A.        Second
Issue

            The majority concludes that the admission
of the medical records was harmless because the complainants testified about their
medical conditions without objection.  I disagree with this analysis but agree
that the trial court did not err in admitting the records.

            Initially, I note that appellant
complains of the admission of both Scypion’s and Holmes’s medical records.  Appellant
was acquitted of the aggravated assault charge on Scypion and fails to explain
how Scypion's medical records influenced the guilty verdict as to Holmes.  

            Holmes’s medical records corroborated his
testimony that he suffered serious bodily injury, an element of the crime of
aggravated assault.  In addition, the medical records identify Holmes’s chief
complaint as “hit in back of head with gun, gun fired and was grazed in head
with it.” 

            While the majority’s analysis that
“improper admission of evidence is not reversible error if the same or similar
evidence is admitted without objection”[1]
is a true statement of law, applying the rule here would vitiate the State’s
duty to comply with discovery orders.  It would require a defendant to object
to admissible evidence (here, the complainants’ testimony about the same
subjects addressed in the medical records) in order to preserve a point of
error.  That is an untenable result.

            I agree, however, that this point of
error should be overruled because appellant failed to prove that the State
willfully withheld evidence under the discovery order.  The record indicates
that the State subpoenaed the medical records months before trial but the
hospital failed to respond to the subpoena.  In preparation for trial, the
State reissued the subpoena and obtained the records.  As soon as they obtained
the records, the State disclosed them to appellant.  These facts do not support
a finding that the State willfully withheld evidence under a discovery order.  See
Oprean v. State, 201 S.W. 3d 724, 726 (Tex. Crim. App. 2006).  Thus, the
trial court did not abuse its discretion in admitting the records.

B.        Third
Issue

            The majority concludes that the
question, “Do you believe that the young man and young woman had someone else
shoot them just to get your husband in trouble?” calls for a permissible lay
opinion.  I disagree with that conclusion and would hold that the question
calls for impermissible speculation, but the error was harmless.

            Deborah testified that appellant hit
Holmes but did not shoot anyone.  She did not see anyone else shoot the
complainants.  She could not have perceived whether or not the complainants
arranged for “someone else to shoot them” nor could she have known the state of
mind of complainants—“to get appellant in trouble.”  See Fairow v. State,
943 S.W.2d 895, 899 (Tex. Crim. App. 1997).  This question did not call for a
permissible lay opinion.

            I nevertheless would conclude that the
error was harmless.  See Harris v. State, 790 S.W. 2d 568, 587–88 (Tex.
Crim. App. 1989).  The question was designed to test the believability of
Deborah’s testimony and to show that it was not reasonable to conclude that an
unknown person shot the complainants shortly after the altercation.  A jury
would not place great weight on this lay opinion and her opinion was not
emphasized in closing.  As such, any error was harmless.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

Panel consists of Justices
Anderson, Brown, and Christopher (Anderson, J. majority).

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Ante, at 9.