

# NUMBER 13-17-00703-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DENNIS STANLEY MAYNARD,                                **Appellant,**

**v.**

THE STATE OF TEXAS,                                       **Appellee.**

### On appeal from the 2nd 25th District Court
### of Lavaca County, Texas.

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Dennis Stanley Maynard appeals his convictions for indecency with a child by exposure, a third-degree felony, *see* TEX. PENAL CODE ANN. § 21.11(a)(2), (d) (West, Westlaw through 2017 1st C.S.), indecency with a child by contact, *see id.* § 21.11(a)(1), and attempted aggravated sexual assault of a child, both second-degree felonies. *See id.* §§ 15.01, 22.021 (West, Westlaw through 2017 1st C.S.). A jury

returned a guilty verdict, and the trial court sentenced appellant to concurrent prison terms of eight years, sixteen years, and sixteen years, respectively. By three issues, which we treat as one, appellant argues that the trial court improperly limited the scope of cross-examination in violation of the Sixth Amendment. *See* U.S. CONST. amend VI. We affirm.

## I. BACKGROUND

A grand jury returned an indictment alleging that appellant committed the following offenses: (1) indecency with a child by touching the genitals of J.P.[1]; (2) indecency with a child by exposing appellant's genitals to J.P.; (3) attempted aggravated sexual assault of a child by intentionally and knowingly attempting to cause the penetration of the mouth of J.P. with appellant's genitals; and (4) continuous sexual abuse of a child by committing two or more acts of sexual abuse against J.P. and E.M. during a period that was thirty or more days in duration. Appellant's issue on appeal pertains only to evidence relevant to count 4.

K.R. testified that appellant is the father to her two-year-old son, E.M. K.R. was asked by the State to describe two photographs, which the trial court admitted as State's exhibits 1 and 2. The photographs were presented by the State in support of count 4, which alleged in part that appellant engaged in sexual contact on two occasions by touching E.M.'s genitals. K.R. described State's exhibit 1 as follows: "It's my baby in a pool with his dad, and his dad's holding his area so it wouldn't show in the camera." K.R. testified that exhibit 2 depicted appellant holding E.M. at E.M.'s first birthday party. She

---

[1] We will refer to the minor complainants and their family using initials to protect their privacy.

further elaborated that "[appellant] is holding our son, it looks like on a table, and he's smiling."

During appellant's cross-examination of K.R., the following exchange took place:

[Appellant's Counsel]: Is it your opinion that [appellant] was holding your infant son in the pool that day to cover his genitals so that it would not come onto the photograph; is that correct?

[Prosecution]: Your Honor, I'm going to object. That just calls for speculation. The picture speaks for itself.

[Trial Court]: Sustain the objection.

[Appellant's Counsel]: [K.R.], do you believe that the picture taken by you of your son and his father presents an accurate reflection of the events occurring when you took the photographs?

[K.R.]: I'm not sure I understand the question.

[Appellant's Counsel]: Did the photograph look like what you were taking the picture of?

[K.R.]: My kid playing in the pool?

[Appellant's Counsel]: Right.

[K.R.]: Yes.

[Appellant's Counsel]: Okay. Thank you.

The jury found appellant guilty of counts 1-3 and not guilty on count 4. This appeal followed.

## II.    DISCUSSION

In what we treat as his sole issue, appellant argues that the trial court "erred in preventing appellant from fully cross examining [K.R.] regarding the suggestive photos

3

[of appellant and E.M.] that were introduced into evidence." Specifically, appellant argues that the trial court's ruling sustaining the State's objection during appellant's cross examination of K.R. violated his Sixth Amendment right to confront witnesses.

## A. Standard of Review and Applicable Law

We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). A trial court's ruling will be upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

The Sixth Amendment grants defendants in criminal prosecutions the right to confront witnesses against them. U.S. CONST. amend. VI. This right includes the right to "cross-examine witnesses to attack their general credibility or to show their possible bias, self-interest, or motives in testifying." *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009). However, this is not an unqualified right; the trial judge has wide discretion in limiting the scope and extent of cross-examination. *Id.* Generally, the right to present evidence and to cross-examine witnesses under the Sixth Amendment does not conflict with the corresponding rights under state evidentiary rules. *Id.* Therefore, we can resolve most questions regarding cross-examination by looking to the Texas Rules of Evidence. *Id.* However, in the rare situation in which the applicable rule of evidence conflicts with a federal constitutional right, the constitutional right controls. TEX.

4

R. EVID. 101(d) ("[D]espite these rules, a court must admit or exclude evidence if required to do so by the United States or Texas Constitution[.]"); *see Hammer*, 296 S.W.3d at 561.

**B.    Analysis**

Appellant's primary argument challenges the trial court's ruling limiting his cross-examination of K.R.   Appellant argues in the alternative that the trial court's ruling constituted structural error and that appellant's trial counsel was ineffective in failing to preserve error.   We assume, without deciding, that appellant preserved error in relation to the trial court's evidentiary ruling.

To be admissible, testimony must be within the personal knowledge or perception of the witness.   *See* TEX. R. EVID. 602.   Here, the question at issue asked the witness her opinion regarding appellant's reason for holding his infant son E.M. in the manner depicted in the photograph.   The question calls for an answer based on speculation—an answer that was not shown to be within the personal knowledge of the witness.   *See Fairow v. State*, 943 S.W.2d 895, 899 (Tex. Crim. App. 1997) ("It is impossible for a witness to possess personal knowledge of what someone else is thinking.").   Therefore, the trial court did not abuse its discretion by sustaining the State's objection.

Further, we are unable to conclude that the trial court's application of Rule 602 conflicted with appellant's Sixth Amendment right to confront witnesses.   *See Hammer*, 296 S.W.3d at 561.   The State called K.R. to lay the foundation for the admission of State's exhibits 1 and 2.   Appellant did not question the authenticity of the photographs. By all other accounts, K.R.'s testimony was favorable to appellant.   K.R.'s testimony coincided with appellant's theory that the photographs depicted nothing more than a

father innocently holding his infant son. The jury evidently agreed as it found appellant not guilty of the only charge where E.M. was a complainant. Appellant did not attempt to attack K.R.'s credibility or to show her possible bias, self-interest, or motive in testifying. *See id.* We also note that appellant was not restricted from cross-examining K.R. regarding her own perception of the photographs.

We conclude that the trial court did not abuse its discretion or violate appellant's right to confrontation when it sustained the State's objection.[2] *See id.*; *Weatherred*, 15 S.W.3d at 542. We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2018.

---

[2] Because we conclude that the trial court did not err in sustaining the State's objection, appellant's alternative contentions are moot.