COURT OF
APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-428-CR
REBECCA ANN JEFFERS   
                                                                    
APPELLANT
V.
THE STATE OF TEXAS   
                                                                            
STATE
------------
FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Rebecca Ann Jeffers entered an
open plea of guilty to the offense of felony theft, and the trial court
sentenced her to two years' confinement. Counsel on appeal has filed an Anders
brief asserting that there are no grounds that could be argued successfully on
appeal. Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). We
grant counsel's motion to withdraw and affirm the trial court's judgment.
Appellant's court-appointed appellate
counsel has filed a motion to withdraw as counsel and a brief in support of that
motion. In the brief, counsel avers that, in her professional opinion, this
appeal is frivolous. Counsel's brief and motion meet the requirements of Anders,
by presenting a professional evaluation of the record demonstrating why there
are not arguable grounds for relief. This court provided appellant the
opportunity to file a pro se brief, but she did not do so.
Once appellant's court-appointed counsel
files a motion to withdraw on the ground that the appeal is frivolous and
fulfills the requirements of Anders, this court is obligated to
undertake an independent examination of the record and to essentially re-brief
the case for appellant to see if there is any arguable ground that may be raised
on appellant's behalf. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991).
Because appellant pleaded guilty to the
offense, she has waived the right to appeal any non-jurisdictional defects,
other than the voluntariness of her plea, that occurred before entry of the plea
so long as the judgment of guilty was rendered independent of, and is not
supported by, the alleged error. See Young v. State, 8 S.W.3d 656,
666-67 (Tex. Crim. App. 2000); Lewis v. State, 911 S.W.2d 1, 4-5 (Tex.
Crim. App. 1995). Therefore, our independent review of the record is limited to
potential jurisdictional defects, the voluntariness of appellant's plea,
potential error occurring before appellant's plea that resulted in or supports
the judgment of guilt, and potential error occurring after the guilty plea.
Our review of the record reveals no
jurisdictional defects. The trial court had jurisdiction over the case. Tex.
Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2003). Further, the indictment
sufficiently conferred jurisdiction on the trial court and provided appellant
with sufficient notice. See Tex. Const. art. V, § 12; Duron v.
State, 956 S.W.2d 547, 55-51 (Tex. Crim. App. 1997).
The record also reveals that appellant's
plea was knowing and voluntary. The trial court properly admonished appellant
before she pleaded guilty. Appellant then admitted in open court that she
committed the offense as alleged in the indictment. Nothing in the record would
support a claim that appellant's plea was involuntary.
At punishment, two of appellant's
counsel's objections were overruled. In the first, appellant's counsel objected
that there was no basis for the State's witness's opinion; however, the witness
was giving her opinion as a lay witness. See Fairow v. State, 943
S.W.2d 895, 898 (Tex. Crim. App. 1997). In the second, the appellant's counsel
objected that the State's cross-examination of appellant's witness required
speculation. The witness was answering a question about which he had personal
knowledge. Id. Furthermore, the record is silent as to any harm to
appellant resulting from the overruling of these objections. See Tex.
R. App. P. 44.2(b).
Finally, our review of the record from the
trial on punishment yields no reversible error. The sentence assessed is within
the statutorily permissible range. See Tex. Penal Code Ann. §§ 12.35,
31.03 (Vernon 1994 & Supp. 2003). The judgment was based on admissible
evidence provided by the State and on the appellant's own testimony. We discern
no reversible error during the punishment phase.
After independently reviewing the record,
we agree with appellate counsel's determination that any appeal from this case
would be frivolous. Accordingly, we grant appellate counsel's motion to withdraw
and affirm the trial court's judgment.
                                                                       
PER CURIAM
 
PANEL F: GARDNER, DAUPHINOT, and HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED FEBRUARY 20, 2003]

1. Tex. App. R. P. 47.4.