JEFFERS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-01-428-CR

REBECCA ANN JEFFERS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Rebecca Ann Jeffers entered an open plea of guilty to the offense of felony theft, and the trial court sentenced her to two years’ confinement.  Counsel on appeal has filed an 
Anders
 brief asserting that there are no grounds that could be argued successfully on appeal.  
Anders v. California, 
386 U.S. 738, 87 S. Ct. 1396 (1967)
.  
We grant counsel’s motion to withdraw and affirm the trial court’s judgment.  
 

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in her professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders
, by presenting a professional evaluation of the record demonstrating why there are not arguable grounds for relief.  This court provided appellant the opportunity to file a pro se brief, but she did not do so.

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders, 
 this court is obligated to undertake an independent examination of the record and to essentially re-brief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.  
See Stafford v. State, 
813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Because appellant pleaded guilty to the offense, she has waived the right to appeal any non-jurisdictional defects, other than the voluntariness of her plea, that occurred before entry of the plea so long as the judgment of guilty was rendered independent of, and is not supported by, the alleged error.  
See Young v. State, 
8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State, 
911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, potential error occurring before appellant’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2003).  Further, the indictment sufficiently conferred jurisdiction on the trial court and provided appellant with sufficient notice.  
See 
Tex. Const. 
art. V, § 12; 
Duron v. State, 
956 S.W.2d 547, 55-51 (Tex. Crim. App. 1997).

The record also reveals that appellant’s plea was knowing and voluntary.  The trial court properly admonished appellant before she pleaded guilty.  Appellant then admitted in open court that she committed the offense as alleged in the indictment.  Nothing in the record would support a claim that appellant’s plea was involuntary.

At punishment, two of appellant’s counsel’s objections were overruled.  In the first, appellant’s counsel objected that there was no basis for the State’s witness’s opinion; however, the witness was giving her opinion as a lay witness.  
See Fairow v. State, 
943 S.W.2d 895, 898 (Tex. Crim. App. 1997).  In the second, the appellant’s counsel objected that the State’s cross-examination of appellant’s witness required speculation.  The witness was answering a question about which he had personal knowledge.  
Id.  
Furthermore, the record is silent as to any harm to appellant resulting from the overruling of these objections.  
See 
Tex. R. App. P.
 44.2(b).

Finally, our review of the record from the trial on punishment yields no reversible error. The sentence assessed is within the statutorily permissible range.  
See 
Tex. Penal Code Ann.
 §§ 12.35, 31.03 (Vernon 1994 & Supp. 2003). The judgment was based on admissible evidence provided by the State and on the appellant’s own testimony.  We discern no reversible error during the punishment phase.  

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.  

PER CURIAM

PANEL F: GARDNER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED FEBRUARY 20, 2003]

FOOTNOTES
1:
Tex. App. R. P. 
47.4.