Aston v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-394-CR

JOHN MATTHEW TURNBOW APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

John Matthew Turnbow appeals his conviction for murder.  In six issues, appellant contends that the trial court erred by admitting testimony regarding statements made by appellant, his co-conspirator, Roger Bridges, Sr., and Bridges’s son.  We will affirm.

As an appellate court, we review the trial court’s decision to admit or exclude evidence under an abuse of discretion standard. 
 Green v. State
, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997); 
Montgomery v. State
, 810 S.W.2d 372, 379-80
 
(Tex. Crim. App
. 
1990).  Therefore, we will not reverse a trial court as long as its ruling is within the “zone of reasonable disagreement.”  
Green
, 934 S.W.2d at 102; 
 Montgomery
, 810 S.W.2d at 391 (op. on reh’g).  Moreover, if the trial court’s ruling on the admission of evidence is correct under any theory of law, even if the trial court gives the wrong reason for its ruling, we must affirm the trial court’s decision to admit the evidence.  
See Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Pettigrew v. State
, 908 S.W.2d 563, 568 (Tex. App.—Fort Worth 1995, pet. ref’d).  
 

In his first issue, appellant contends that the trial court erred by allowing Carmilla Bridges to testify that Bridges told her that he killed Tommy Young.  Appellant argues that this statement was improperly admitted as an excited utterance because there was no evidence that Bridges was still under the “stress of excitement” occasioned by the murder at the time he made the statement.  An excited utterance is defined as “[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.”  
Tex. R. Evid
. 803(2)
.  This exception is founded on the belief that the statements made are involuntary and do not allow the declarant an adequate opportunity to fabricate, ensuring their trustworthiness.  
Couchman v. State
, 3 S.W.3d 155, 159 (Tex. App.—Fort Worth 1999, pet. ref’d).  To determine whether a statement qualifies as an excited utterance, (1) the statement must be the product of a startling occurrence, (2) the declarant must have been dominated by the emotion, excitement, fear, or pain of the occurrence, and (3) the statement must be related to the circumstances of the startling occurrence.  
Id
.  Other factors the court may consider are whether the statement is spontaneous or in response to questions and how much time has elapsed between the startling event and the statement.  
See Wood v. State
, 18 S.W.3d 642, 652 (Tex. Crim. App. 2000); 
Bondurant v. State
, 956 S.W.2d 762, 766 (Tex. App.—Fort Worth 1997, pet. ref’d).

After a careful review of the record, we conclude that Carmilla’s testimony shows that Bridges’s statements were made within thirty minutes to an hour after he committed the murder—undoubtedly, a startling occurrence.  
See Biggins v. State
, 73 S.W.3d 502, 504 (Tex. App.—Fort Worth 2002, no pet.).  The record also reflects that, at the time the statement was made, Bridges remained in the grip of emotions resulting from the event.  Carmilla testified that he was still very hostile, upset, and angry.  Finally, the admission of committing murder was clearly related to the event itself.  Therefore, the trial court did not abuse its discretion in admitting this testimony under the excited utterance exception to the hearsay rule.  We overrule appellant’s first issue.

In issue two, appellant argues that the trial court erred by allowing Amanda Bridges to testify regarding her brother’s statement that “[t]hey did it.”  However, appellant failed to object to this portion of Amanda’s testimony.  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).
  
By failing to object, appellant has preserved nothing for our review.  Therefore, we overrule issue two.

In his third issue, appellant challenges the trial court’s admissio
n of Amanda and Christina Bridges’s testimony that Bridges stated that he intended to “kill that nigger.”  The trial court admitted this statement under Texas Rule o
f Evidence 801(e)(2)(E) as a statement by a co-conspirator made during the course and in furtherance of a conspiracy.  Statements that are made in furtherance of a conspiracy include those made (1) with intent to induce another to deal with co-conspirators or in any other way to cooperate with or assist co-conspirators, (2) with intent to induce another to join the conspiracy, (3) in formulating future strategies of concealment to benefit the conspiracy, (4) with intent to induce continued involvement in the conspiracy, or (5) for the purpose of identifying the role of one conspirator to another.  
Lee v. State
, 21 S.W.3d 532, 538 (Tex. App.—Tyler 2000, no pet.); 
Fairow v. State
, 920 S.W.2d 357, 362 (Tex. App.—Houston [1
st
 Dist.] 1996), 
aff’d
, 943 S.W.2d 895 (Tex. Crim. App. 1997).

Appellant and Bridges were at Bridges’s apartment when Bridges said that either he or both he and appellant were going to “kill that nigger.”
(footnote: 2)  Bridges then detailed a plan to get the intended victim drunk, take him into the woods, and kill him.  Immediately thereafter, appellant and Bridges left the apartment and committed the murder.  Based on this testimony, the trial court could have concluded that Bridges’s statements were made in an effort to obtain or further secure appellant’s involvement in the crime.  Therefore, they were admissible under Rule 801(e)(2)(E).  
Tex. R. Evid
. 801(e)(2)(E).  
We overrule appellant’s third issue.

In issues four through six, appellant contends that the trial court erred by allowing three witnesses to testify regarding incriminating statements made by appellant.  Appellant argues that the statements were not corroborated in accordance with Texas Rule of Evidence 803(24).  However, appellant’s complaint on appeal does not correspond with his trial objection.  An objection stating one legal basis may not be used to support a different legal theory on appeal.  
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997); 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  Therefore, appellant presents nothing for our review.  Accordingly, we overrule issues four through six.

Having overruled each of appellant’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered March 13, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Amanda testified that Bridges said that “he” was going to “kill that nigger”; however, Christina testified that he said “we” are going to “kill that nigger.”