COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-394-CR
 
JOHN MATTHEW TURNBOW           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
STATE
------------
FROM THE 78
TH DISTRICT COURT OF WICHITA
COUNTY
------------
MEMORANDUM OPINION(1)
------------
John Matthew Turnbow appeals his
conviction for murder. In six issues, appellant contends that the trial court
erred by admitting testimony regarding statements made by appellant, his
co-conspirator, Roger Bridges, Sr., and Bridges's son. We will affirm.
As an appellate court, we review the trial
court's decision to admit or exclude evidence under an abuse of discretion
standard. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996),
cert. denied, 520 U.S. 1200 (1997); Montgomery v. State, 810
S.W.2d 372, 379-80 (Tex. Crim. App. 1990). Therefore, we will not reverse a
trial court as long as its ruling is within the "zone of reasonable
disagreement." Green, 934 S.W.2d at 102; Montgomery, 810
S.W.2d at 391 (op. on reh'g). Moreover, if the trial court's ruling on the
admission of evidence is correct under any theory of law, even if the trial
court gives the wrong reason for its ruling, we must affirm the trial court's
decision to admit the evidence. See Romero v. State, 800 S.W.2d 539,
543 (Tex. Crim. App. 1990); Pettigrew v. State, 908 S.W.2d 563, 568
(Tex. App.--Fort Worth 1995, pet. ref'd).
In his first issue, appellant contends
that the trial court erred by allowing Carmilla Bridges to testify that Bridges
told her that he killed Tommy Young. Appellant argues that this statement was
improperly admitted as an excited utterance because there was no evidence that
Bridges was still under the "stress of excitement" occasioned by the
murder at the time he made the statement. An excited utterance is defined as
"[a] statement relating to a startling event or condition made while the
declarant was under the stress of excitement caused by the event or
condition." Tex. R. Evid. 803(2). This exception is founded on the belief
that the statements made are involuntary and do not allow the declarant an
adequate opportunity to fabricate, ensuring their trustworthiness. Couchman
v. State, 3 S.W.3d 155, 159 (Tex. App.--Fort Worth 1999, pet. ref'd). To
determine whether a statement qualifies as an excited utterance, (1) the
statement must be the product of a startling occurrence, (2) the declarant must
have been dominated by the emotion, excitement, fear, or pain of the occurrence,
and (3) the statement must be related to the circumstances of the startling
occurrence. Id. Other factors the court may consider are whether the
statement is spontaneous or in response to questions and how much time has
elapsed between the startling event and the statement. See Wood v. State,
18 S.W.3d 642, 652 (Tex. Crim. App. 2000); Bondurant v. State, 956
S.W.2d 762, 766 (Tex. App.--Fort Worth 1997, pet. ref'd).
After a careful review of the record, we
conclude that Carmilla's testimony shows that Bridges's statements were made
within thirty minutes to an hour after he committed the murder--undoubtedly, a
startling occurrence. See Biggins v. State, 73 S.W.3d 502, 504 (Tex.
App.--Fort Worth 2002, no pet.). The record also reflects that, at the time the
statement was made, Bridges remained in the grip of emotions resulting from the
event. Carmilla testified that he was still very hostile, upset, and angry.
Finally, the admission of committing murder was clearly related to the event
itself. Therefore, the trial court did not abuse its discretion in admitting
this testimony under the excited utterance exception to the hearsay rule. We
overrule appellant's first issue.
In issue two, appellant argues that the
trial court erred by allowing Amanda Bridges to testify regarding her brother's
statement that "[t]hey did it." However, appellant failed to object to
this portion of Amanda's testimony. To preserve a complaint for our review, a
party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion. Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh'g), cert. denied, 526 U.S. 1070 (1999). By failing to
object, appellant has preserved nothing for our review. Therefore, we overrule
issue two.
In his third issue, appellant challenges
the trial court's admission of Amanda and Christina Bridges's testimony that
Bridges stated that he intended to "kill that nigger." The trial court
admitted this statement under Texas Rule of Evidence 801(e)(2)(E) as a statement
by a co-conspirator made during the course and in furtherance of a conspiracy.
Statements that are made in furtherance of a conspiracy include those made (1)
with intent to induce another to deal with co-conspirators or in any other way
to cooperate with or assist co-conspirators, (2) with intent to induce another
to join the conspiracy, (3) in formulating future strategies of concealment to
benefit the conspiracy, (4) with intent to induce continued involvement in the
conspiracy, or (5) for the purpose of identifying the role of one conspirator to
another. Lee v. State, 21 S.W.3d 532, 538 (Tex. App.--Tyler 2000, no
pet.); Fairow v. State, 920 S.W.2d 357, 362 (Tex. App.--Houston [1st
Dist.] 1996), aff'd, 943 S.W.2d 895 (Tex. Crim. App. 1997).
Appellant and Bridges were at Bridges's
apartment when Bridges said that either he or both he and appellant were going
to "kill that nigger."(2) Bridges then
detailed a plan to get the intended victim drunk, take him into the woods, and
kill him. Immediately thereafter, appellant and Bridges left the apartment and
committed the murder. Based on this testimony, the trial court could have
concluded that Bridges's statements were made in an effort to obtain or further
secure appellant's involvement in the crime. Therefore, they were admissible
under Rule 801(e)(2)(E). Tex. R. Evid. 801(e)(2)(E). We overrule appellant's
third issue.
In issues four through six, appellant
contends that the trial court erred by allowing three witnesses to testify
regarding incriminating statements made by appellant. Appellant argues that the
statements were not corroborated in accordance with Texas Rule of Evidence
803(24). However, appellant's complaint on appeal does not correspond with his
trial objection. An objection stating one legal basis may not be used to support
a different legal theory on appeal. Bell v. State, 938 S.W.2d 35, 54
(Tex. Crim. App. 1996), cert. denied, 522 U.S. 827 (1997); Rezac v.
State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Therefore, appellant
presents nothing for our review. Accordingly, we overrule issues four through
six.
Having overruled each of appellant's
issues, we affirm the trial court's judgment.
 
                                                                       
PER CURIAM
 
PANEL F: CAYCE, C.J.; GARDNER and WALKER,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[Delivered March 13, 2003]

1. See Tex. R. App. P. 47.4.
2. Amanda testified that Bridges said that "he"
was going to "kill that nigger"; however, Christina testified that he
said "we" are going to "kill that nigger."