**AFFIRM; and Opinion Filed June 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00328-CR

### CHRISTINA MARIE EMMERT, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 7
### Dallas County, Texas
### Trial Court Cause No. F-1000776-Y

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

A jury found appellant Christina Marie Emmert guilty of theft. The trial judge assessed appellant's punishment at eighteen months' confinement and a fine of $500. The judge then suspended her sentence and placed appellant on community supervision for three years. In two issues, appellant contends (1) the evidence is insufficient to prove she committed theft, and (2) the trial court erred by excluding testimony from appellant's expert witness. Because the issues in this appeal involve the application of well-settled principles of law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

### Background

Appellant is a certified public accountant and an auditor. She worked as a bookkeeper for Paul and Frances Siciliano, who owned an Italian restaurant. During the time appellant worked for the Sicilianos, she divorced her husband Chuck Cummings. She also developed

financial problems, received a four-month advance on her salary, and declared bankruptcy. Over time, appellant began doing more and more of her work for the Sicilianos at her home and allowing her grown son and Cummings to help her with that work.

At some point, discrepancies were discovered in the restaurant's books, including payments to five different credit accounts in appellant's name or—in one instance—in her father's name.[1] The five payments totaled over $6000. Frances testified that she discovered the transfers; appellant testified that she found the discrepancies herself and reported them to the Sicilianos. Regardless, it is undisputed the owners confronted appellant and subsequently reported the series of transfers to the police. Appellant was charged with theft, found guilty by a jury, and received a suspended sentence of three years' probation. She appeals.

### Sufficiency of the Evidence

In her first issue, appellant argues the evidence at trial was legally insufficient to prove beyond a reasonable doubt that she committed the offense of theft as charged in the indictment.[2] A person commits theft if she unlawfully appropriates property with the intent to deprive the owner of that property. TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2013). Appropriation of property is unlawful if it is without the owner's effective consent. *Id.* § 31.03(b)(1). Appellant's indictment charged that she did:

> pursuant to one scheme and continuing course of conduct, unlawfully appropriate property, i.e., acquire and exercise control over property other than real property, to wit MONEY, the aggregate value of which was $1,500 or more, but less than $20,000, without the effective consent of FRANCES SICILIANO, the owner of said property, in that there was no consent given and with intent to deprive the said owner of the said property.

---

[1] The record indicates appellant was a "secondary" on her father's Bank of America credit card account, into which $2800 was transferred from the Sicilianos' restaurant account. Appellant conceded at trial that her father allowed her to use the card.

[2] Appellant also contends the evidence is factually insufficient to support her conviction. The Court of Criminal Appeals has concluded that "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We no longer conduct a separate review to adjudge the factual sufficiency of the evidence.

In reviewing a challenge to the sufficiency of the evidence, we examine the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Appellant argues specifically that the evidence is insufficient to establish that *she* was the person who made the series of transfers from the Sicilianos' account. Appellant testified at trial and denied making any of the charged transfers from the restaurant account. She testified further that both her son and Cummings had worked with her on the Sicilianos' account, and both men had access to the account numbers, user names, and passwords associated with that account. Appellant testified to a bitter custody dispute with her ex-husband, implying he had a motive to make transfers for which appellant would be blamed. However, Detective David Williams, a financial crimes detective for the City of Garland, investigated the case and concluded there was no evidence indicating anyone other than appellant had committed the theft.

We must view the evidence in the light most favorable to the judgment. *Id.* Thus, as long as there is legally sufficient evidence that *appellant* committed the theft, we cannot reverse merely because she contends someone else could have done so. We conclude Williams's testimony provides circumstantial evidence that appellant transferred approximately $6000 from the Sicilianos' restaurant account into five different credit accounts to which she had access. Frances Siciliano's testimony established those transfers were made without consent. The transfers were made secretly, beginning in June 2009 and continuing through December of that year without repayment; we can infer the intent of the transfers was to deprive the Sicilianos of the sums taken. Although appellant denied making the transfers, the jury exclusively determines the weight and credibility of the evidence. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). We cannot engage in a second evaluation of a witness's credibility; we merely ensure the

jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). We conclude a rational jury could have found the essential elements of theft beyond a reasonable doubt in this case. *See Jackson*, 443 U.S. at 319.

We overrule appellant's first issue.

### Exclusion of Expert Testimony

In her second issue, appellant contends the trial court erroneously excluded the testimony of Daniel Strand, a bankruptcy and family law attorney. Appellant offered Strand as both a fact and expert witness, to testify about the effects of appellant's divorce and bankruptcy on her indebtedness. Appellant initially suggested Strand's lay testimony would show that her ex-husband was still responsible for debt incurred during the marriage, even if the debt had been assigned to appellant in the divorce.[3] Thus, she suggested, he had a motive to steal. The State objected to Strand's testimony on relevance and rule 403 grounds, and the prosecutor argued there was no link affirmatively connecting Cummings to the theft in any way. Appellant then argued that—even if the testimony could not directly connect Cummings to the offense—Strand should be allowed to testify concerning the effect of the bankruptcy on appellant's obligation to pay on the credit accounts. Appellant contended she would have no motive to steal from the Sicilianos to make payments if the debts were going to be extinguished and she would no longer be liable on the accounts. The trial court concluded this was a collateral matter with only "minimal relevance," that would be outweighed by its unfair prejudice. The judge stated he would not "essentially try[] a rabbit trail," and he excluded the witness.

In this Court, appellant argues she had the right to put on evidence showing she lacked a motive to steal and that her husband was a likely alternative perpetrator. Both parties rely on

---

[3] Appellant states in her brief that Strand was "familiar with the events of [her] divorce and bankruptcy." We do not find such a statement in the record. Nevertheless, the issue before us does not turn on whether Strand was offered as a lay witness or an expert witness; rule 403 applies in either instance. *See, e.g., Schutz v. State*, 957 S.W.2d 52, 70 (Tex. Crim. App. 1997) (expert opinion); *Fairow v. State*, 943 S.W.2d 895, 900 (Tex. Crim. App. 1997) (lay opinion).

*Wiley v. State*, 74 S.W.3d 399 (Tex. Crim. App. 2002). The *Wiley* court addressed several problems with an appellant's efforts to cast blame on others, including the problem raised under rule 403:

> In weighing probative value against Rule 403 counterfactors, courts must be sensitive to the special problems presented by "alternative perpetrator" evidence. Although a defendant obviously has a right to attempt to establish his innocence by showing that someone else committed the crime, he still must show that his proffered evidence regarding the alleged alternative perpetrator is sufficient, on its own or in combination with other evidence in the record, to show a nexus between the crime charged and the alleged "alternative perpetrator."

*Id*. at 406. Thus, appellant was required to show the Strand testimony regarding Cummings and the divorce would have been sufficient, on its own or in combination with other evidence in the record, to show a nexus—an affirmative link—between Cummings and the theft from the Sicilianos. Appellant has made no such showing in this case. The only testimony that links her ex-husband to the theft is appellant's unsupported testimony. Only appellant testified that Cummings had access to the restaurant account's user names, passwords, and account numbers. Likewise, only appellant testified to the bitter nature of her divorce from Cummings. In the end, appellant offered only the promise of Strand's speculation joined with her own speculation. With or without the Strand testimony, appellant failed to establish a nexus between Cummings (or any other alternative perpetrator) and the theft from the Sicilianos. Strand's testimony related to appellant's divorce was speculative, unfairly prejudicial, and properly excluded. *See id.*; *see also* TEX. R. EVID. 403.

The trial court also concluded appellant's efforts to undermine her own motive to steal were collateral and ancillary to the case. The judge called the issues in the Strand proffer a "rabbit trail." This characterization was identical to the *Wiley* court's, which affirmed that rule 403 concerns arise when circumstantial evidence tends to sidetrack the jury into matters not related to the case at hand. Just as the danger of unfair prejudice arises when evidence is

speculative, the dangers of confused issues and misleading the jury arise when the evidence guides the jury away from the issues to be decided. *See id.* at 407 ("In short, the evidence is a 'rabbit trail.'"). Here, appellant argues she had no motive to pay on debts that would ultimately be discharged in bankruptcy. However, she has not identified any evidence showing why Cummings would have had a motive to pay on *her* debts. In the end, Strand's proposed bankruptcy testimony would have been just as disconnected from the issues to be decided as his proposed testimony regarding appellant's divorce.

We conclude the Strand testimony was speculative and, therefore, would have been more unfairly prejudicial than probative. *See* TEX. R. EVID. 403. We further conclude the testimony would have tended to confuse the issues and mislead the jury by guiding them into consideration of ancillary matters. *See id.* Therefore, the trial court did not abuse its discretion in excluding Strand's testimony.

We overrule appellant's second issue as well.

**Conclusion**

We have decided both of appellant's issues against her. Accordingly, we affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130328F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHRISTINA MARIE EMMERT, Appellant

No. 05-13-00328-CR V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas

Trial Court Cause No. F-1000776-Y.

Opinion delivered by Justice Lewis, Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of June, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE