

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00363-CR

**JASON DANIEL DURAN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 12-04818-CRF-272

## MEMORANDUM OPINION

Appellant Jason Duran was charged by indictment with the offense of aggravated assault with a deadly weapon-family violence.  The indictment alleged that Duran had intentionally, knowingly, or recklessly caused bodily injury to his daughter K.L. by striking her with his hand.  Duran entered a plea of guilty, and after a punishment hearing, the trial court sentenced Duran to fourteen years' imprisonment. This appeal ensued.

In his sole issue, Duran contends that the trial court erred in denying his

objections to lay opinion witness testimony. We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

Rule of Evidence 602 provides, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." TEX. R. EVID. 602. Lay witness opinion testimony is admissible under Rule of Evidence 701, however, if the witness's opinion or inferences are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." TEX. R. EVID. 701.

The initial requirement that an opinion be rationally based on the perceptions of the witness is itself composed of two parts. *Fairow v. State*, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997). First, the witness must establish personal knowledge of the events from which his opinion is drawn. *Id.* Second, the opinion drawn must be rationally based on that knowledge. *Id.* An opinion will satisfy the personal knowledge requirement if it is an interpretation of the witness's objective perception of events (*i.e.*, his own senses or experience). *Id.* at 899. An opinion is rationally based on perception if it is an opinion that a reasonable person could draw under the circumstances. *Id.* at 900.

The second requirement for admissibility under rule 701 is that the witness's opinion or inferences be helpful to the trier of fact to either understand the witness's testimony or to determine a fact issue. TEX. R. EVID. 701. While there is no bright line

indicating when an opinion is helpful, general evidentiary considerations of relevance and balancing will invariably assist the trial judge in making his determination. *Fairow*, 943 S.W.2d at 900.

At the punishment hearing, K.L.'s grandmother Kim Butler testified as follows:

> Q. (BY [Prosecutor]) I don't want you to go into what the medical diagnosis was. We have other folks for that. But were you told what [K.L.]'s injuries were?
>
> A. Yes.
>
> ….
>
> Q. Has it had a continuing effect on [K.L.]? Being around her every day, have you noticed anything different about [K.L.]?
>
> A. There's certain little things that trigger - -
>
> [Defense Counsel]: Object. This is going to call for speculation as to making any connection with this incident with behavior following that.
>
> [Prosecutor]: If I could respond, Judge, she lives with the child. She's in a better position than anyone to testify to any differences in the child before this or afterwards.
>
> THE COURT: Overruled.
>
> Q. (BY [Prosecutor]) Go ahead, Kim. How have you noticed [K.L.] has been different since this happened?
>
> A. Certain things, I guess, trigger emotions in her, I guess you could say.
>
> Q. What do you mean by that?
>
> A. I guess she's socializes [sic] wooden floors with the father. She doesn't like going in a house or anywhere that has wooden floors in it.
>
> [Defense Counsel]: Judge, I'm going to object. Calls for

speculation as to what the child - - she has no expertise to give this kind of testimony.

THE COURT: How is it speculation if she notices the child changes in presence of a wooden floor?

[Defense Counsel]: She's making a connection that's associated with the father.

[Prosecutor]: Under Rule 702, 703, she's allowed to do so based on her experience.

THE COURT: I'm going to overrule the objection.

Q. (BY [Prosecutor]) Go ahead, ma'am.

A. And just certain things that she socializes [sic] with Hispanic males in general.

Q. Have you noticed anything different about [K.L.] in terms of when you are physically interacting with her?

A. We can't make any fast movements.

Q. What do you mean by that?

A. She flinches.

Q. As a kind of matriarch of that house, do you ever have occasion to like do [K.L.]'s hair or anything like that?

A. Yes.

Q. What's her - - how does she react to things like that?

A. For the first six months or so, she didn't want us touching her hair.

THE COURT: She didn't want what?

THE WITNESS: She didn't want us touching her hair. She didn't want us brushing it. We wouldn't put it up in ponytail. We couldn't do anything but gently run our fingers through it to do it. She

didn't like for us to wash her hair, any of that.

> Q. (BY [Prosecutor]) Is that difficult for you to see as a grandmother?

> A. At that time, yes.

> Q. How would you describe - - I want to back up for a minute. How would you describe [K.L.] before this happened in terms of her demeanor, in terms of her, I mean, behavior? Was she - - I don't know of another way to ask this. Was she a problematic child or difficult child?

> A. No. She was a happy baby at my house.

Duran argues that Butler was improperly allowed to testify about the reasons for K.L.'s behavior after her injury. Duran states that it was impossible for Butler to possess personal knowledge of what K.L. was thinking in order to testify that she does not like wooden floors because she associates them with her father or that K.L. thinks certain things because she associates them with Hispanic males in general. But even assuming without deciding that the trial court abused its discretion in allowing this testimony by Butler, we conclude that the error was harmless.

Lay witness opinion testimony that is erroneously admitted into evidence is subject to a harmless-error analysis. *See Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). Because the error, if any, is non-constitutional, it must be disregarded unless it affects substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect on a factfinder's verdict or decision on punishment. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Duran argues that Butler's testimony about K.L. having some long-term disabilities was prejudicial and resulted in a heavier sentencing penalty. We disagree.

The complained-of testimony was very brief, and Butler acknowledged during cross-examination that K.L. was physically healed from the injury and that she had been cleared by her medical doctor. Furthermore, the complained-of testimony pales in comparison to the graphic evidence of the injuries K.L. suffered from Duran. Dr. Mark Boyle, who treated nine-month-old K.L. in the emergency room, testified that she had skull fractures on both sides of her head and that it takes a lot of force to break a young child's bones. Bryan Police Detective Shawn Davis testified that Duran told him that K.L. was incessantly crying, so he had hit her twice on the side of the head while her head was on a windowsill to get her to stop crying. Detective Davis stated that Duran then told him about other times when he had abused K.L. Detective Davis said that Duran agreed that he had hit K.L. with his fist or his hand somewhere between five and ten times beginning when she was seven months old. Duran had said that most of the time, he would hit her in her head. One time, he had given her a stomach punch that caused her to vomit profusely. Genesis Gavina, the mother of Duran's son, who was living with Duran before he was charged with this offense, also testified that she had seen Duran beat K.L. on more than one occasion.

In light of the foregoing, we conclude that even if the trial court abused its discretion in allowing the complained-of testimony from Butler, the error was harmless. We overrule Duran's sole issue and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
　　　Justice Davis, and
　　　Justice Scoggins
Affirmed
Opinion delivered and filed September 18, 2014
Do not publish
[CR25]

