**Affirm and Opinion Filed November 8, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00859-CR

**DERIC EUGENE MADISON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1476000-U**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Fillmore, and Justice Brown
Opinion by Chief Justice Wright

Deric Eugene Madison was charged with the offense of capital murder. A jury found him

guilty of the lesser-included offense of murder and assessed punishment at life imprisonment and

a fine of $10,000. In one issue, appellant complains that the trial court erred by overruling his

objection to the admission of improper opinion testimony. The background of the case and the

evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail.

Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R.

APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

### BACKGROUND

Joshua Tubbleville spent the evening of Thursday, May 29, 2014, on a double date with

friends, and later at a club called Sisu. Upon arriving home a little after 1:00 a.m., Tubbleville

encountered two people in front of his townhouse. Tracy Duckworth, a homeless man, was lying in the grass across the street, getting wet because the sprinklers were running. Appellant, who was in the neighborhood trying to sell drugs, approached Duckworth to see if he needed help. Although Tubbleville did not know either man, he helped Duckworth up and invited Duckworth and appellant into his house. The men played dominos while drinking beer and tequila. Tubbleville eventually told Duckworth to leave because Duckworth was getting mud on Tubbleville's furniture.

Tubbleville and appellant continued to drink and play dominos. Appellant testified that at some point, Tubbleville and appellant drove to a gas station to buy chewing tobacco and gum. According to appellant, when they returned to Tubbleville's townhouse, Tubbleville could not find his cell phone and accused appellant of stealing it. Appellant denied taking the phone, turned out his pockets, and let Tubbleville pat him down. Appellant testified that Tubbleville later gave him a tour of his home and showed him a shotgun and a silver handgun.

Around 5:30 a.m., Tubbleville drove appellant to a Taco Cabana restaurant to get something to eat and paid for their food using his Wells Fargo credit card. Appellant testified that as Tubbleville drove away from the restaurant, he again accused appellant of stealing his phone and when appellant denied the theft, Tubbleville got angry and pulled out a gun. According to appellant, the men struggled over the gun and Tubbleville began to drive even faster. Tubbleville drove his car at an accelerated speed over a curb and into a tree. Appellant testified that after the car crashed and the airbags deployed, he was able to gain control of the gun. Appellant admitted shooting Tubbleville but stated that he feared for his life and shot Tubbleville in self-defense. Appellant also admitted that after shooting Tubbleville, he got out of Tubbleville's car and ran because he was "freaked out" and scared.

–2–

Appellant was charged with capital murder by shooting the deceased with a firearm, a deadly weapon, while in the course of committing and attempting to commit the offense of robbery of the deceased. The jury convicted appellant of the lesser-included offense of murder and assessed a punishment of life in prison and a $10,000 fine. This appeal followed.

## STANDARD OF REVIEW AND APPLICABLE LAW

Appellant raises one issue on appeal, arguing the trial court erred by overruling his objection to the admission of improper speculative opinion testimony. Specifically, appellant complains about Detective Scott Sayer's opinion testimony that if a person kills another person in self-defense he usually remains at the scene to explain himself.

### Standard Of Review

We review a trial court's evidentiary rulings for an abuse of discretion. *See Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016); *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). A trial court is in the best position to determine whether evidence should be admitted or excluded. *Winegarner*, 235 S.W.3d at 790. Consequently, we will not disturb the ruling "as long as the trial court's decision was within the zone of reasonable disagreement and was correct under any theory of law applicable to the case." *Id*.

### Applicable Law

Both lay and expert witnesses can offer opinion testimony. *See* TEX. R. EVID. 701, 702; *see also Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002). Rule 701 covers the testimony of a "traditional" witness—one who personally witnessed or participated in the events about which he is testifying—while Rule 702 pertains to the testimony of a witness who was brought in to testify as an expert. *Osbourn*, 92 S.W.3d at 535. If a witness is not testifying as an expert, opinion testimony must be (a) rationally based on the witness's perception and (b) helpful to clearly understand the witness's testimony or to determine a fact in issue. TEX. R. EVID. 701;

*Ex parte Nailor*, 149 S.W.3d 125, 134 (Tex. Crim. App. 2004). "An opinion is not objectionable just because it embraces an ultimate issue." TEX. R. EVID. 704; *see Ex parte Nailor*, 149 S.W.3d at 134–35 (police officer, as lay witness, could offer an opinion that defendant had not been attacked by the victim, even though the testimony embraced an ultimate issue).

## DISCUSSION

Scott Sayer, a homicide detective with the Dallas Police Department, was the lead detective on the investigation into Tubbleville's death. Detective Sayer arrived at the scene shortly after the incident was reported, directed every aspect of the investigation, and once appellant's fingerprints were identified, interviewed appellant three times. During the State's direct examination of Detective Sayer, the prosecutor asked what he thought about various statements appellant made during the police interview in which appellant admitted to shooting Tubbleville. The following exchange took place:

| | |
|---|---|
| STATE: | Did it make sense to you that if someone were to kill somebody in self-defense they would throw the gun out of their window piece by piece? |
| DETECTIVE: | No, it did not. |
| STATE: | Why does that not make sense to you? |
| DETECTIVE: | If somebody who kills somebody in self-defense, which I've worked before, they're usually standing there with the gun and they explain themselves. Throwing a gun out piece by piece – |
| DEFENSE: | Judge, I'm going to object as to what happens in other cases or usually happens or what he thinks should have happened in this case. |
| STATE: | Can I respond? |
| COURT: | Response. |
| STATE: | Through his training and experience and nine years as a homicide detective. |

–4–

| | |
|---|---|
| COURT: | Overruled. |
| DEFENSE: | Judge, I think the objection is he's just speculating as to what somebody in this situation might have done. |
| STATE: | Your Honor, I'm asking if it makes sense to him as a homicide detective. |
| COURT: | Overruled. |
| STATE: | You can respond. |
| DETECTIVE: | No, it doesn't make sense. |
| STATE: | Why? |
| DETECTIVE: | Somebody who destroys evidence is trying to hide what they've done, not explain what they've done. |

Appellant argues the trial court committed harmful error by overruling his objection to Detective Sayer's opinion testimony that when a person kills another in self-defense, he usually remains at the scene to explain what happened. Appellant complains that the State attempted to use his flight against him to disprove he acted in self-defense. He asserts that Sayer's testimony was speculative, unsupported by evidence of its accuracy or validity, and presented evidence to the jury that people who kill in self-defense *always* remain at the scene of the incident to explain why they had killed another.

Rule 701 permits a lay witness to offer opinion testimony if the opinion is (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. TEX. R. EVID. 701; *see Ex parte Nailor*, 149 S.W.3d at 134. The initial requirement is composed of two parts. *See Osbourn*, 92 S.W.3d at 538; *Fairow v. State*, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997). First, Detective Sayer had to establish personal knowledge of the events from which his opinion was drawn; second, his opinion had to be rationally based on that knowledge. *Osbourn*, 92 S.W.3d at 538; *Fairow*, 943 S.W.2d at 898. The personal knowledge of the events which form the basis of the witness's

opinion may come directly from the witness's senses or from experience. *Osbourn*, 92 S.W.3d at 535; *Fairow*, 943 S.W.2d at 898. An opinion is rationally based on perception if it is an opinion that a reasonable person could draw under the circumstances. *Fairow*, 943 S.W.2d at 900. The second requirement of Rule 701 is that the opinion be helpful to the trier of fact to either understand the witness's testimony or determine a fact in issue. *Solomon v. State*, 49 S.W.3d 356, 364 (Tex. Crim. App. 2001).

In this case, the State established that Detective Sayer had been a police officer for over twenty years, a detective for ten years, and assigned as a homicide detective for nine years. Sayer testified that he was the lead investigator in the Tubbleville homicide investigation and had interviewed appellant several times. Thus, the State established that Sayer's opinion was rationally based on his training and experience as a homicide detective as well as his perceptions during the investigation into Tubbleville's death. The record reflects that Sayer testified without objection that appellant's statement that he shot Tubbleville in self-defense and then threw the disassembled gun out the window did not make sense to him. Sayer then explained that based on his experience in working self-defense cases, when someone kills another person in self-defense, he usually stays at the scene with the gun to explain himself.

Appellant does not appear to base his argument on evidence rules 701 or 702. Instead, he cites several cases in support of his statement that no witness is competent to voice an opinion as to guilt or innocence through testimony, and another case stating it is improper for a witness to opine on the truthfulness of another witness's testimony. But the question to which defense counsel objected did not ask Detective Sayer to opine on the truthfulness of another witness's testimony, to opine on the truthfulness of appellant's assertion of self-defense, to opine whether appellant was guilty, or to even opine on appellant's credibility, thus possibly encroaching upon the jury's province to make credibility determinations. Instead, the question inquired about the

logical force of appellant throwing the gun out of his car window piece by piece in light of what Detective Sayer had personally observed. *See James v. State*, 335 S.W.3d 719, 726 (Tex. App.—Fort Worth 2011, no pet.) (question whether defendant's self-defense assertion made sense in light of police officer's observations admissible under rule 701). Detective Sayer responsively opined that appellant's actions did not make sense to him because in his experience, if someone kills another person in self-defense, he is usually standing there with the gun to explain himself. The trial court could have reasonably concluded that Detective Sayer's testimony was admissible under rule 701 because it was rationally based on events that he perceived, was relevant to whether appellant acted in self-defense, and did not expressly question appellant's or another witness's truthfulness or credibility. *See id.*

Once the proponent of the opinion establishes personal knowledge of the facts underlying the opinion, he has satisfied the perception requirement of Rule 701. The trial court must then determine whether the opinion will be helpful to the trier of fact to either understand the witness's testimony or determine a fact in issue. *See Solomon*, 49 S.W.3d at 365. There is no bright line test to be applied to determine whether an opinion is helpful. "General evidentiary considerations of relevance and balancing will invariably assist the trial judge in making his determination." *Fairow*, 943 S.W.2d at 900. In this case, Detective Sayer's opinion was helpful to the jury's consideration of appellant's testimony that after shooting Tubbleville, he got out of the car and ran because he was scared. And Sayer's opinion was helpful to the jury in determining whether appellant shot Tubbleville in self-defense. *See* TEX. R. EVID. 701; *see also James*, 335 S.W.3d at 726.

Even if Detective Sayer's testimony was admitted in error, the error is harmless. Texas Rule of Appellate Procedure 44.2(b) instructs that we must disregard a nonconstitutional error "that does not affect substantial rights." TEX. R. APP. P. 44.2(b). Substantial rights are not

affected by the erroneous admission of evidence if this Court, "after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." S*ee* *Solomon*, 49 S.W.3d at 365.

We have reviewed the record as a whole. Even in the absence of Detective Sayer's complained-of testimony, the jury could have reasonably concluded that appellant's assertion of self-defense made no sense based on other evidence admitted without objection. For example, the uncontested evidence established that appellant shot Tubbleville twice after Tubbleville crashed his car into the tree. Although appellant testified at trial that he and Tubbleville struggled over the gun, appellant also testified that he had sole possession of the gun when he shot Tubbleville and then ran away. Appellant testified that he took the gun apart and threw the pieces out of his car window as he fled the scene. He also testified that he threw away the clothes he was wearing that evening and asked his girlfriend to lie if asked where appellant was on the night in question. Finally, appellant conceded that he repeatedly lied to the police during each of the three police interviews. Considering the testimony from the other witnesses regarding the events of the night in question, we conclude Detective Sayer's opinion testimony did not have a substantial or injurious effect on the jury's verdict and did not affect appellant's substantial rights. TEX. R. APP. P. 44.2(b). We overrule appellant's sole issue.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the judgment of the trial court.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150859F.U05

–8–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DERIC EUGENE MADISON, Appellant

No. 05-15-00859-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1476000-U.
Opinion delivered by Chief Justice Wright.
Justices Fillmore and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 8, 2016.